IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

John C. Ruiz-Bueno, III, et al.,:

           Plaintiffs,      :

      v.                :

Zach Scott, et al.,      :

           Defendants.      :

Case No. 2:12-cv-0809

JUDGE GREGORY L. FROST

Magistrate Judge Kemp

OPINION AND ORDER

This matter is before the Court on plaintiffs' motion for an extension of the expert discovery deadlines. (Doc. #136). For the following reasons, the motion will be granted.

## I. Background

This is an action under 42 U.S.C. §1983 and state law arising out of the death of Edward Peterson while he was an inmate in the Franklin County Corrections Center in 2011. Generally, plaintiffs allege that defendants neglected medical conditions and failed to respond appropriately when Mr. Peterson became ill and unresponsive, and that the efforts to resuscitate him were inadequate.

On February 19, 2013, this Court issued a preliminary pretrial order establishing that all fact discovery shall be completed by September 13, 2013 and all expert discovery shall be completed by February 21, 2014. (Doc. #17). In addition, the Court ordered plaintiffs to make expert disclosures as set forth in Fed. R. Civ. P. 26(a)(2) by October 14, 2013. The Court further ordered defendants to make rebuttal expert disclosures in the same manner by December 6, 2013.

On September 6, 2013, all defendants, with the exception of Mr. Edgington who is represented by separate counsel, filed an

unopposed motion for an extension of the fact discovery deadline.
(Doc. #104).  The Court granted the motion on September 9, 2013,
extending the September 13, 2013 fact discovery deadline to
December 31, 2013.  (Doc. #105).

On November 7, 2013, more than three weeks after the
deadline for expert disclosures expired, plaintiffs filed the
instant motion for an extension of expert discovery deadlines.
(Doc. #136).  In the motion, plaintiffs claim to have good cause
for an extension of the expert disclosure deadline to February
28, 2014 and the expert discovery deadline to April 29, 2014.
Plaintiffs argue that "[e]veryone is aware" that they will need
expert discovery in this case concerning "at least: (1) standard
of care; and (2) medical causation." Id. at 4.  Plaintiffs claim
that it was their understanding that defendants would cooperate
to adjust the expert discovery deadlines because fact discovery
relating to these issues is outstanding.  According to
plaintiffs, the parties have been cooperative about moving
deadlines because they have "always understood that completing
discovery in a timely fashion would be a challenge from the
outset of this litigation, particularly since this case involves
around 50 individual defendants." Id. at 1.  Plaintiffs also
claim that they will suffer severe prejudice if the extension is
denied, but defendants will not suffer any prejudice if the
extension is granted.

Defendants oppose plaintiffs' motion, with Mr. Edgington
filing his opposition separately.  In the joint opposition,
defendants contend that plaintiffs fail to set forth good cause
for modifying the schedule.  More specifically, defendants assert
that the outstanding fact discovery "has no bearing on expert
discovery" and, therefore, is not good cause for the extension.
(Doc. #144 at 3).  Contrary to plaintiffs' position, defendants
also argue "[t]he fact that the parties have worked together

-2-

amicably to set and sometimes reset depositions has no bearing whatsoever on an extension of expert discovery deadlines." Id. at 2.  Defendants contend that plaintiffs never requested an agreed-upon extension of the expert discovery deadlines and have not demonstrated the degree of diligence necessary to justify an extension.  Finally, defendants argue that they will suffer prejudice if an extension is granted "through the costs in time, effort, and money of defending this lawsuit." Id. at 9.

Mr. Edgington also argues that plaintiffs fail to set forth good cause for the extension.  (Doc. #145).  In his opposition, Mr. Edgington argues that plaintiffs have

> allowed this deadline to expire without having identified
> an expert witness or provided an expert report.
> Moreover, Plaintiffs have refused all requests by
> Defendants to even informally name their expert witnesses
> and describe their anticipated areas of testimony.  By
> all indications, Plaintiffs have simply been unable to
> locate expert witnesses to support their positions in
> this case.

Id. at 1.  Mr. Edgington asserts that plaintiffs have been afforded a considerable amount of time to locate and identify expert witnesses in this case, and they have failed to do so without providing an adequate explanation for the delay.

In reply, plaintiffs assert that they have been consulting with various experts since 2012, and they have repeatedly informed defendants' counsel about this consultation. Plaintiffs do not dispute that neither they nor defendants have revealed the identity of the experts in informal communications, but they argue that neither party had an obligation to do so. Plaintiffs state that they have not yet finalized expert reports and have not yet made conclusive determinations regarding who will testify at trial.  Plaintiffs suggest that this is so because defendants "have been continuously deficient on their production efforts" which include "documents that are essential

to some of Plaintiffs' experts." <u>Id.</u> at 2.  Plaintiffs also argue that key depositions have yet to take place which their experts will rely on in rendering a report and opinion. According to plaintiffs, defendants' counsel expressly agreed that "the expert disclosure deadline would happen after fact discovery was closed." <u>Id.</u> at 2.  Plaintiffs maintain that a denial of the extension would be severely prejudicial to them, and it would improperly prevent this case from being heard on the merits.

II. <u>Discussion</u>

Fed. R. Civ. P. 16(b) requires the Court, in each civil action that is not exempt from that rule, to enter a scheduling order that limits the time to join other parties, amend the pleadings, complete discovery, and file motions.  The rule further provides that a schedule may be modified only upon a showing of "good cause and with the judge's consent."  <u>Id.</u>

Although the Court has broad discretion to modify its own pretrial orders, it must be remembered that "[a]dherence to reasonable deadlines is . . . critical to maintaining integrity in court proceedings," and that pretrial scheduling orders are "the essential mechanism for cases becoming trial ready in an efficient, just, and certain matter." <u>Rouse v. Farmers State Bank</u>, 866 F. Supp. 1191, 1198-99 (N.D. Iowa 1994).  In evaluating whether the party seeking modification of a pretrial scheduling order has demonstrated good cause, the Court is mindful that "[t]he party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines," <u>Deghand v. Wal-Mart Stores, Inc.</u>, 904 F. Supp. 1218, 1221 (D. Kan. 1995).  The focus is primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause.  <u>See</u> <u>Tschantz v. McCann</u>, 160 F.R.D. 568, 571 (N.D. Ind. 1995).  Of course,

-4-

"[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." <u>Dilmar Oil Co. v. Federated Mut. Ins. Co.</u>, 986 F. Supp. 959, 980 (D.S.C. 1997). Further, although the primary focus is upon the moving party's diligence, the presence or absence of prejudice to the other party or parties is a factor to be considered.  <u>See Inge v. Rock Fin. Corp.</u>, 281 F.3d 613,625 (6th Cir. 2002).

In resolving the motion, this Court must determine whether plaintiffs have set forth good cause for the extension under Fed. R. Civ. P. 16(b)(4).  Much of plaintiffs' argument is based upon their alleged understanding that defendants either agreed to or would agree to an extension. This argument does not address the good cause standard which, as noted above, requires an examination of the moving party's diligence.  Stated another way, an agreement to extend deadlines, "absent a showing of good cause[,] may not serve as a proper basis for granting an extension of time" under Rule 16.  <u>Rivera v. Willacy</u>, No. B-06-189, 2007 WL 1655303, at *1 (S.D. Tex. June 6, 2007)(finding that "stipulations between the parties do not provide a basis for amending a scheduling order").  Defendants uniformly deny agreeing to an extension.  However, even if the record supported such an agreement, it would not justify granting plaintiffs' motion.

Alternatively, plaintiffs argue that fact discovery is ongoing and the information that they have yet to obtain is "likely to have a serious impact on [their] expert disclosures." (Doc. #136 at 2).  In this way, plaintiffs suggest that, despite their diligent efforts, they could not have reasonably met the scheduled deadlines.  This Court agrees.

This Court has held several conferences and issued several orders throughout the discovery process in this case.  Thus, the Court is well aware of how the discovery process has transpired

and the level of cooperation between counsel.  Although the parties could have engaged in a more collaborative effort to resolve problems that have arisen in the course of discovery, the Court finds that plaintiffs have demonstrated diligence in pursuing discovery in this case.  Here, the Court is not faced with carelessness that would weigh against a finding of diligence and offers no reason for a grant of relief.  Rather, plaintiffs have been diligent in pursuing discovery and have demonstrated a need for information that is likely to be necessary to proceed with their experts.

An extended discussion of all of the outstanding discovery mentioned by plaintiffs is unnecessary; rather, the Court finds it sufficient to cite, by way of example, one deposition relied upon by plaintiffs that may be necessary in order to proceed with expert disclosures and discovery.  At the time of the motion, one of the depositions that was outstanding was that of Sgt. Michael D'Errico, the individual who drafted the 92-page internal affairs investigation report attached to the amended complaint.  (Doc. #119, Ex. A).  Despite defendants' argument to the contrary, Sgt. D'Errico's deposition testimony is likely to have an impact on the expert issues concerning the standard of care and medical causation.  Thus, this may serve as a basis for a finding of good cause for the extension.

Further, the prejudice to plaintiffs would be severe if the extension were denied.  It is likely that plaintiffs will have to present expert testimony to establish their claims, and a denial of the extension would deprive them of that testimony.  In light of the potential prejudice to plaintiffs, and because defendants have failed to set forth any substantial prejudice to them if the extension is granted, the Court will grant plaintiffs' motion for an extension of the expert discovery deadlines.  (Doc. #136).

III. <u>Conclusion</u>

-6-

For the reasons set forth above, plaintiffs' motion for an extension of the expert discovery deadlines is granted. (Doc. #136). Plaintiffs are granted until February 28, 2014 to make expert disclosures and expert discovery shall conclude on or before April 29, 2014.

IV.  <u>Motion for Reconsideration</u>

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge

–7–
