```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

John C. Ruiz-Bueno, III, et al.,  :
        Plaintiffs,         :    Case No. 2:12-cv-0809

    v.                        :    JUDGE GREGORY L. FROST

Zach Scott, et al.,        :    Magistrate Judge Kemp

        Defendants.         :

## OPINION AND ORDER

This wrongful death case is before the Court to resolve two motions for sanctions filed by Plaintiffs, both related to discovery orders issued by the Court.  The first (Doc. 142) seeks sanctions under Rule 11 based on certain defendants' opposition to answering interrogatories about the way in which they attempted to locate documents responsive to earlier discovery requests.  The Plaintiffs also filed a motion to compel answers to those interrogatories, a motion which the Court granted on November 15, 2013, see Doc. 139, but without imposing sanctions under Fed.R.Civ.P. 37.  The second (Doc. 143) seeks sanctions under Fed.R.Civ.P. 37(a)(5) based on the same issue.  For the following reasons, the Court denies both motions.

### I. Introduction

The Court will not review in any depth the discovery order at issue, because that order - which can also be found at Ruiz-Bueno v. Scott, 2013 WL 6055402 (S.D. Ohio Nov. 15, 2013) - lays out the issues clearly and speaks for itself as to how and why the Court resolved them in Plaintiffs' favor.  The Court held, in essence, that given the information already of record about how Defendants had not made any organized or directed effort to determine if they possessed emails relevant to the

issues in this case, it would be appropriate to allow Plaintiffs to conduct discovery about Defendants' search methods.  In so holding, the Court acknowledged that "not every case will justify directing counsel or a party to provide 'discovery about discovery,'" see id. at *4, but concluded that the large number of defendants whose email records should have been searched, the small number of documents produced, and counsel's unwillingness to share any information about why that occurred, justified such discovery in this case.

According to exhibits attached to Plaintiff's first sanctions motion, when Plaintiffs reviewed the responses to their interrogatories about how Defendants did their email search - Defendants objected to both as irrelevant - Plaintiffs sent a "safe harbor" letter under Rule 11 asking for supplemental responses in order to stave off a motion for sanctions.  However, Defendants declined to change their position.  As noted, Defendants were then ordered to (and did) supplement their responses as a result of the Court's granting of the motion to compel.  The two motions for sanctions were filed shortly thereafter.

## II. Rule 11

Plaintiffs, in their two motions, seek identical relief under Rule 11 and Rule 37.  Defendants, in opposing the Rule 11 motion, point out that Rule 11(d) provides that Rule 11 "does not apply to disclosures and discovery requests, responses, objections, and motions under Rule 26 through 37."  Plaintiffs respond that they are willing to have the Court consider the matter based on the Rule 37 motion, so the Court will not discuss Rule 11 further.

## III. Rule 37

Rule 37(a)(5) initially directs the Court to award sanctions when granting a motion to compel discovery: "If the motion is

-2-

granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." However, the mandatory obligation set forth by that language is tempered by several subsequent subparts to the Rule; among other things, the Court "must not" award payment of expenses if "(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."  The question here is whether sanctions should be awarded.  This is a matter about which the Court possesses substantial discretion.  See, e.g., In re Sulfuric Acid Antitrust Litigation, 231 F.R.D. 320, 330 (N.D. Ill. 2005).

    The Court understands Defendants' position to be that their opposition both to answering these interrogatories and to the motion to compel was substantially justified.  That is a matter which can legitimately be debated.  Their flat refusal to provide any information about their search methods could be viewed, in this era of heightened focus on the need for parties to work cooperatively through the many issues created by the electronic creation, storage, and retrieval of electronically-stored information, as, at worst, obstructionism, or, more charitably, as failing to engage in a good faith effort to insure the smooth progress of discovery.  Their view of this issue was, and appears to continue to be, overly simplistic.  But the Court does not, in light of the totality of the circumstances of this case - which include a welcome change of direction with respect to discovery matters over the past several months - view it as willful.  Counsel was trying to protect and advance the clients' interests,

not simply to frustrate the discovery process.  Had the prior pattern of discovery disputes over almost every request and response continued, it is highly likely that the Court would have, by now, felt the need to impose sanctions in order to get the parties' attention.  But that pattern has changed.  The parties are to be commended for that, and awarding attorneys' fees at this point would, in the Court's view, be unjust.  Consequently, without directly resolving the issue of whether Defendants' conduct in this particular matter was substantially justified, the Court sees no need for sanctions.  Plaintiffs' motions will therefore be denied.

### IV.  Order

Based on the foregoing, Plaintiffs' motions for sanctions and attorneys' fees (Docs. 142 and 143) are denied.

### V.  Motion for Reconsideration

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge